## IN THE MIDDLE DISTRICT OF ALABAMA
## DOTHAN (SOUTHERN DIVISION)

BRENDA F. VARNER
DWIGHT VARNER

PETITIONER

VS.

CALIBER HOME LOANS

RESPONDENT

2017 NOV 13 P 2:03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CASE NO: 1:17-CV-773-WKW-WC

## COMPLAINT

### With Quiet Title

### INJUNCTIVE RELIEF TO STOP NOVEMBER 14th SALE DATE

COMES NOW the Respondent Joseph A. Doyle by and through the undersigned counsel, and files this *Motion With Quiet Title Action.*

## I.   COMPLAINT

1.     The Petitioner Brenda Varner and Dwight Varrner  who will be known as "Varner's"

2.     There has been an assumption by the Court that Petitioner holds the Note and Mortgage required in this action.

3.     The Respondent complaint was not issued to or by the Petitioner.

4.     In order to recover on a promissory note and Foreclosure Sale that is scheduled to take place, the  Respondent Caliber Home Loans must prove:

    (1)     The existence of the note in question;

    (2)     That the party sued signed the note;

(3)     That the Respondent is the owner or holder of the note in due course; and

(4)     That a certain balance is due and owing on the note.

5.     There is no evidence of an assignment from the real party in interest to the Respondent attached to the complaint with regard to the mortgage and Respondent failed to attach a copy of the note.

6. Respondent has not produced an assignment, nor is there any evidence of an assignment recorded in the public records.

7.     The Respondent has failed to establish in any of its papers or filings, that it owned or held the mortgage or the note at the commencement of this action.  Unless Respondent establishes definitely that they are the owners of the mortgage or the note at the commencement of this action they are without a remedy in this action.

8.     Thus far on the record Respondent has proffered no proof that the Respondent ever held the mortgage and or took possession of the mortgage or note, which leaves Respondent with NO CLAIM OR RIGHT TO PROSECUTE THE FORECLOSURE.

9.     There is no proof that a proper chain of assignments took  place between parties in interest nor were the lien positions of the parties properly perfected.

10.     Federal Courts in the Eleventh Circuit have ruled that the only way to prove the perfection of any security, including promissory notes, is by actual possession of the security. Current or prior possession must be proven.  See *Downing v. First National Bank of Lake City*, 81 So.2d 486 (Fla. 1955); *Figueredo v. Bank Espirito Santo*, 537 So.2d 1113 (Fla. 3rd DCA 1989); *Pastore-Borroto Development, Inc. v. Marevista Apartments, M.B., Inc.*, 596 So.2d 526 (Fla. 3rd DCA 1992); *Nat'l. Loan Investors, L.P. v. Joymar Asocs.*, 767 So.2d 549, 551 (Fla. 3rd DCA 2000).

11. "Only those who have standing to be heard in the judicial proceeding may participate in it." Byrom v. Gallagher, 578 So. 2d 715, 717 (Fla. 5th DCA 1991)

12. One who does not have ownership, possession, or the right to possession of the mortgage and the obligation secured by it, may not foreclose the mortgage." 37 Fla. Jur. Mortgage and Deeds of Trust Sec. 240, citing In re: Shelter Development Group, Inc., 50 B.R. 588 (Bank. S.D.Fla. 1985).

13. Petitioner attached to the Complaint a mortgage identifying "Caliber Home Loans", as the owner and holder of the mortgage. This document conflicts with the Petitioner allegations of material facts in the motion as to ownership of the subject note and or mortgage.

14. Caliber Home Loans fails to contain sufficient fact to establish who the Petitioner is or the Petitioner relationship to the Respondent or the Petitioner relationship or connection to the claim for foreclosure of a mortgage, including the failure to identify the date of the alleged assignment of the mortgage and note to the Petitioner. The Petitioner alleges it is the owner and holder of the subject note and mortgage. These allegations are directly conflicting with the mortgage attached to the motion, thereby rendering the complaint insufficient to identify who the respondent is or what facts establish the standing of the respondent to file and prosecute this foreclosure.

15. It has been settled beyond controversy that a bank, under federal law being limited in its powers and capacity, cannot lend its credit by guaranteeing the debts of another. All such contracts entered into by its officers are ultra vires. Howard & Foster Co. v. Citizens Nat'l Bank of Union, 133 SC 202, 130 SE 759 (1926)

16. When exhibits are inconsistent with the Respondent allegations of material facts as to the real party in interest, such allegations cancel each other out. Fladell v. Palm Beach County Canvassing Board, 772 So.2d 1240 (Fla. 2000); Greenwald v. Triple D Properties, Inc., 424 So.2d 185, 187 (Fla. 4th DCA 1983); Costa Bella Development Corp. v. Costa Development Corp., 441 So.2d 1114 (Fla. 3rd DCA 1983).

17.     Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into a contract, and which is so acted upon, constitutes 'fraud' and entitles party deceived to avoid contract or recover damages. Barnsdall Refining Corn v. Birnam Wood Oil Co.  92 F 26 817.

18.     It is the position of the Petitioner that if the courts were to allow a Respondent to bring a cause of action in a scenario where the Respondent alleges that it owns a certain note and mortgage but fails to provide any evidence to the courts that this, in fact true, the courts would open the door to incredible harm to any homeowner whose home is secured by a mortgage.

19.     The Respondent in this action meets none of the aforementioned criteria. Because the exhibits attached to Respondent Motion are inconsistent with Respondent allegations as to ownership of the subject promissory note and mortgage, Respondent has failed to establish itself as the real party in interest and has failed to state a cause of action upon which relief can be granted by this Court.

20.     Mortgage v. Salomon, 874 So.2d 680 (Fla 4th DCA 2004), which held a written assignment executed after the motion was filed may be valid if the lender could prove that there was a equitable assignment before the motion was filed. The record in the instant case, however, is devoid of any evidence of an equitable assignment and the existence of an equitable assignment is a factual issue to be determined at a hearing.

21.     Petitioner requests this Court to recognize and adopt persuasive authority in the form of two recent federal court opinions from Ohio. In these decisions, attached hereto as *Exhibit A*, Judges Christopher Boyko and Kathleen O'Malley of the Northern District of Ohio dismissed foreclosure cases under similar circumstances as the instant case. These decisions discuss the problems inherent to prosecuting foreclosure matters where legitimate issues of standing arise and why sufficient proof of ownership of the notes and mortgages at issue should be provided and the court should require such proof. Though not binding authority, the Petitioner asks this Court to adopt the reasoning of these decisions in concluding that Georgia law imposes similar

4

requirements in satisfaction of basic due process principles relating to the real party in interest issue.

**WHEREFORE,** Petitioner Brenda F. Varner and Dwight Varner respectfully request:
that the Petitioner be awarded reasonable attorney's fees and costs in connection with the filing of this Complaint and any other relief this Court deems just, equitable and proper.

## II. Failure to Attach Copy of Promissory Note and Improper Reestablishment of Lost Note

22.    F.R.Civ.P. 1.130(a) requires that a note upon which an action may be brought, or a copy thereof, shall be attached to the pleading.

23.    Respondent seeks the re-establishment of a lost note, but fails to attach a copy of the original note to the motion in violation of Rule 1.130.

24.    Pursuant to Florida Statute 673.3091: (1) person not in possession of an instrument is entitled to enforce the instrument if: (a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred; and (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; (emphasis added)

25.    The note in this case was not lost as a result of transfers of the note by Respondent predecessors in interest to subsequent parties, in violation of F.S.673.3091.

26.    Pursuant to Form 1.944 of the Florida Rules of Civil Procedure: "Copies of the note and mortgage must be attached." (to the Mortgage Foreclosure Motion. (emphasis added).

27.    There is no proof that Respondent ever held or took possession of the note and thus cannot prosecute the November 14th 2017 Foreclosure.

28.     If the court were to allow the Respondent in this case to prevail in light of serious misrepresentation and fraud upon the court, it would result in a major injustice to the Petitioner. The Court cannot be in a position of enabling Respondent and its attorneys to commit material misrepresentation or fraud upon the Court.

28.     The Petitioner will retain counsel to represent him/her in this matter and has agreed to a trial on the merits.

29.     Notwithstanding Petitioner obligation to respond according to RESPA and The Fair Debt Collection Practices Act, §809(b), they also disregarded codes pursuant to O.C.G.A. 11-9§210 (Request by debtor for accounting), as well as O.C.G.A. 11-9§625 (Failure to comply by creditor).

**IMPROPER FORECLOSURE,**

**INJUNCTIVE RELIEF,**

1.  Defendant Caliber Home Loans will attempt to foreclose on the property commonly known as 1704 Brougham Court.

    Defendant Caliber Home Loans  is not a Holder In Due Course.

    **U.C.C. 3-302. Holder In Due Course. (a) Subject to subsection (c) and Section 3-106(d), "holder in due course."**

    **Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W. 3d 619, 624 (Mo. Ct. App. 2009).**

2.  When Defendant  Caliber Home Loans  received the transferred Assignment of Deed to Secure Debt, Deed book 1438 of page 680 which was recorded in Houston County Alabama.


    Alabama Foreclosure Laws require that foreclosures must be conducted by the current Owner or Holder of the Mortgage and Reflected in Public Records that must show their identity as a secured creditor included in Advertisement along with being in Court Records.
    The Security Instrument or Assignment for the Secured Creditor holding Title must be filed prior to the time of the Foreclosure Sale in the County where the property is located.

6

**WHEREFORE**, Petitioner Brenda Faye Varner and Dwight Varner respectfully request:

a.      that this Honorable Court enter an Order to grant Petitioner Motion.

b.      That this Court grant Petitioner for Cancellation of Deed under Power;

c.      That Court Petitioner Complaint for postponement of Foreclosure due to fraud.

Respectfully submitted this the 10th day of November 2017.

Brenda Faye Varner

(Pro Se) Petitioner

1704 Brougham Ct
Dothan Al 36301
334-798-3384

Dwight L. Varner
1201 Hardwood Dr
Tuscaloosa Alabama
205 824-8821

7

## CERTIFICATE OF SERVICE

**I Brenda Varner will be sending this "Complaint" out via U.S. Mail to the following:**

**Caliber Home Loans**

**P.O. Box 24610**

**Oklahoma City, OK. 73124**


Brenda Faye Varner

(Pro Se)

1704 Brougham Court

Dothan, Alabama 36301

334 - 798 -3384


**This is the 10th day of November 2017**