IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDA F. VARNER and DWIGHT VARNER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CASE NO. 1:17-CV-773-WKW [WO] |
| CALIBER HOME LOANS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the court is the Recommendation of the Magistrate Judge (Doc. # 13) that this *pro se* wrongful-foreclosure action be dismissed for lack of subject-matter jurisdiction. The Magistrate Judge reasons that subject-matter jurisdiction is lacking because Plaintiffs have not demonstrated that the amount in controversy exceeds the requisite $75,000 as required by 28 U.S.C. § 1332(a) or that the Complaint presents a federal question as required by 28 U.S.C. § 1331. Alternatively, the Magistrate Judge recommends that, if this court finds that subject-matter jurisdiction exists, it should dismiss the state-law claims for wrongful foreclosure and fraud for failure of Plaintiffs to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The first recommendation would result in dismissal of this action without

prejudice; the alternative recommendation would result in a dismissal with prejudice.

Plaintiffs filed no objection, and otherwise voiced no objection to the Magistrate Judge's Recommendation.[1] In a seemingly odd turning of the tables, Defendant objects to the Magistrate Judge's Recommendation that subject-matter jurisdiction is lacking. But Defendant objects only on that point and urges this court to adopt the Recommendation's alternative recommendation that Plaintiffs' claims cannot survive scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hence, Defendant seeks dismissal of this action on the merits and with prejudice. (Doc. # 14.) For the reasons to follow, Defendant's objection is due to be overruled, and this action is due to be dismissed for lack of subject-matter jurisdiction.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the court conducts a *de novo* review of those portions of the Recommendation to which Defendant objects. The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

---

[1] Only the Recommendation mailed to Plaintiff Dwight Varner was returned as undeliverable. The Recommendation was mailed to the address Plaintiff Brenda Varner provided to the court and was not returned. The clerk's office also has confirmed that Mrs. Varner has received other orders of the court. (Doc. # 13, at 2 n.1.)

## III. DISCUSSION

The sole issue is whether the amount in controversy is sufficient to establish diversity jurisdiction. Plaintiffs, as the parties invoking federal subject-matter jurisdiction on state-law claims for relief of unspecified value, "bear[] the burden of proving by a preponderance of the evidence that the claim[s] on which [they are] basing jurisdiction meet[] the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

In his Recommendation, the Magistrate Judge liberally construes the Complaint as containing two claims — one for wrongful foreclosure and one possibly for fraud. (Doc. # 13, at 4–5, 11.) He then finds that the Complaint "request[s] injunctive relief in the form of prohibiting the foreclosure sale of the property." (Doc. # 13, at 5.)

"[W]hen declaratory or injunctive relief is sought, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Mapp v. Deutsche Bank Nat'l Trust Co.*, No. 3:08-cv-695, No. 2009 WL 3664118, at *2 (M.D. Ala. Oct. 28, 2009) (quoting *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)). In *Mapp*, the court reasoned that the value of an injunction enjoining a wrongful foreclosure includes the "right to retain ownership of and title to [the plaintiff's] home, as well as the right to occupy the home." *Id.* at *4. The court found that, "[i]n monetary

3

terms, these benefits, objects and rights are best measured by the value of the home itself," *id.*, and that, therefore, the amount in controversy was, at least, "the value of the real estate . . . as established unambiguously by the note and mortgage," *id.* at *1. Here, adhering to the Eleventh Circuit's holding in *Ericsson*, the Magistrate Judge calculates the amount in controversy as $74,793.71, which is the amount Plaintiffs mortgaged on their home. (Doc. # 13, at 5–6 (citing *Ericsson*, 120 F.3d at 218).) Because that dollar figure does not exceed the $75,000 jurisdictional threshold, the Magistrate Judge finds that subject-matter jurisdiction is lacking. (Doc. # 15, at 5–6.)

Defendant does not object to the Magistrate Judge's finding that the measure of the value of the injunctive relief is the amount of the mortgage. Rather, it contends that the Recommendation errs by failing to factor punitive damages into the jurisdictional equation. Citing *Holley Equipment Co. v. Credit Allstate Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987), Defendant argues that "the value of the mortgage," combined with the "potential for an award of punitive damages" on the fraud claim, easily hurdles the amount-in-controversy threshold. (Doc. # 14, at 3); *see Holley Equip. Co.*, 821 F.3d at 1535 ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered.").

4

Defendant's argument would have curb appeal if the Complaint, in fact, contained a request for punitive damages. But Defendant has not shown that it does. Four points illustrate why.

First, nowhere in the Complaint is there a request for punitive damages. The specific relief sought in the Complaint is for quiet title, injunctive relief, "Cancellation of Deed under Power," and "postponement of Foreclosure due to fraud." (Doc. # 1, at 1, 6–7.) While the Magistrate Judge liberally construed an ambiguity in the Complaint to find a fraud claim, thus making Defendant's push for punitive damages understandable, it would strain the outer limits of the mandate for liberal construction of *pro se* pleadings to also find that the Complaint requests punitive damages. (*See* Doc. # 13, at 11 (concluding that "Plaintiffs' claim for fraud—*to the extent that such a claim may be construed from the complaint*—is due to be dismissed" (emphasis added)); *see also Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." (citation and internal quotation marks omitted)). Such an interpretation finds no support in the allegations, which are devoid of any mention of punitive damages and which predominantly rely on fraud as the basis for requesting equitable, not monetary, relief. (*See, e.g.*, Doc. # 1, at 7 ("request[ing]" that the court grant "postponement of foreclosure *due to fraud*" (emphasis added)).) It also is inconsistent with Plaintiffs' lack of opposition

5

to the Magistrate Judge's valuation of the amount in controversy, a valuation that did not include punitive damages. Plaintiffs' failure to object to a jurisdictional finding upon which they bear the burden of demonstrating, although not dispositive, is suggestive of how much they believe their case is worth.

Second, although a fraud claim, in an appropriate case, can support a punitive damages award, Defendant does not explain how there can be a *potential* for an award of punitive damages when the pleading does not ask for that form of relief. The cause of action alleged and the type of relief requested are two distinct pleading matters. *Compare* Fed. R. Civ. P. 8(a)(2) (requiring that the pleading contain "a short and plain statement of the claim") *with* Fed. R. Civ. P. 8(a)(3) (requiring that the pleading contain "a demand for relief sought"). Defendant does not cite any authority where pleading a claim for fraud was sufficient to imply a demand for punitive damages. Rule 8(a) counsels otherwise.

Third, Defendant cites several cases for its contention that "[a]n allegation of fraud gives rise to the potential for an award of punitive damages" (Doc. # 14, at 3), but those cases are distinguishable. In each case, the court indicated that the plaintiff's complaint included a request for punitive damages. *Holley*, 821 F.2d at 1535 ("Holley seeks actual and punitive damages."); *see Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (noting that the complaint contained a demand for punitive damages); *Masonry Arts, Inc. v. All S. Precast, LLC*, No. 2:13-CV-01381-

6

RDP, 2014 WL 536984, at *2 (N.D. Ala. Feb. 7, 2014) ("Plaintiff requests punitive damages."); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 401–02 (M.D. Ala. 1995) (The complaint "seeks recovery of an unspecified amount, including punitive damages."). The same cannot be said here.

Fourth and finally, the court has considered that Plaintiffs' *pro se* Complaint contains a catchall request for "any other relief this Court deems just, equitable and proper." (Doc. # 1, at 5.) However, Defendant does not point to any authority, much less argue, that the catchall prayer for relief should be construed as containing a request for punitive damages for purposes of calculating the amount in controversy. Indeed, in a different jurisdictional context, the United States Supreme Court has cautioned that reading a claim for nominal damages into a catchall prayer for relief in order to save a lawsuit from being moot "b[ears] close inspection." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997). On close inspection of the record and allegations, this court will not infer a request for punitive damages from the Complaint in order to find enough dollars to reach the jurisdictional threshold for diversity jurisdiction.[2]

Based on the foregoing, the Magistrate Judge did not err in finding that Plaintiffs' *pro se* Complaint does not satisfy the $75,000 amount-in-controversy

---

[2] Defendant includes a final footnote argument, but it is cursory and logically difficult to follow. (Doc. # 14, at 4 n.1.) That argument is rejected.

7

requirement of § 1332(a).  Although $74,793.71 is very close to the jurisdictional amount, close does not count when jurisdiction is at stake.  There being no other basis for jurisdiction in federal court, the Recommendation that this action be dismissed for lack of subject-matter jurisdiction is due to be adopted.  This dismissal will be without prejudice.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1) Defendant's objection to the Recommendation of the Magistrate Judge (Doc. # 14) is OVERRULED;

(2) The Recommendation (Doc. # 13) is ADOPTED; and

(3) Plaintiffs' action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

Final judgment will be entered separately.

DONE this 18th day of June, 2018.

    /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE